USDC SCAN INDEX SHEET

















KAJ    3/17/04    10:37

3:03-CR-01281    USA V. MOORE

*27*

*CRJGMCOMXC.*

◇AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

EMMETT ELLSWORTH MOORE, JR.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 03CR1281-J

FRANK J. RAGEN, II
Defendant's Attorney

FILED MAR 17 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

REGISTRATION NO. 85967198

THE DEFENDANT:

X  pleaded guilty to count(s)  ONE (1) THROUGH FOURTEEN (14) OF THE FOURTEEN-COUNT INFORMATION

☐  was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | Conspiracy to Commit Securities Fraud | 1 |
| 15 USC 78j(b) and 78ff and 17 C.F.R. 240 10b-5 and 18 USC 2 | Securities Fraud and Aiding and Abetting | 2 |
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting | 3-4 |
| 18 USC 1343 | Wire Fraud and Aiding and Abetting | 5-7 |
| 18 USC 1957 and 2 | Engaging in Monetary Transactions Greater than $10,000 in Criminally-Derived Property and Aiding and Abetting | 8-13 |
| 26 USC 7203 | Failure to File an Individual Income Tax Return | 14 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

X  Assessment : $100.00 as to each of Counts 1-13, $25.00 as to Count 14; for a total of $1,325.00

X  It has been determined that the defendant is unable to pay a fine.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

FEBRUARY 12, 2004
Date of Imposition of Sentence

NAPOLEON A JONES, JR
UNITED STATES DISTRICT JUDGE

Entered Date: 2-17-04

AO 245B   (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __9__

DEFENDANT:      EMMETT ELLSWORTH MOORE, JR.
CASE NUMBER:    03CR1281-J

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term
**COUNTS 2, 8 THRU 13: THIRTY-THREE (33) MONTHS, CONCURRENT AS TO EACH COUNT.
COUNTS 1, 3 THRU 7: THIRTY-THREE (33) MONTHS, CONCURRENT WITH ALL COUNTS.
COUNT 14: TWELVE (12) MONTHS, CONCURRENT WITH ALL COUNTS.**

X   The court makes the following recommendations to the Bureau of Prisons:
    THE COURT RECOMMENDS PLACEMENT IN A BOOT CAMP PROGRAM.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐   as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    or to the court of the Honorable Napoleon A. Jones, Jr. on MARCH 15, 2004 AT 8:00 A.M.
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:
Defendant ~~delivered on~~ Self Surrendered    3/15/04    to Lom-Lompoc USP
at Lompoc, CA , with a certified copy of this judgment.

Donal Bejarano
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 9

DEFENDANT: EMMETT ELLSWORTH MOORE, JR.
CASE NUMBER: 03CR1281-J

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
**COUNTS 1 THRU 13: THREE (3) YEARS, CONCURRENT AS TO EACH COUNT.**
**COUNT 14: ONE (1) YEAR, CONCURRENT WITH ALL COUNTS.**

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page __4__ of __9__

DEFENDANT:      EMMETT ELLSWORTH MOORE, JR.
CASE NUMBER:    03CR1281-J

## SPECIAL CONDITIONS OF SUPERVISION

_X_ Not possess firearms, explosive devices, or other dangerous weapons.

_X_ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

_X_ Provide complete disclosure of personal and business financial records to the probation officer as requested.

_X_ Not be employed in any position involving telemarketing or the solicitation of funds by telephone or mail.

_X_ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer.

_X_ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

_X_ Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

_X_ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

_X_ Cooperate with the Internal Revenue Service in the payment of any and all taxes, penalties, and interest owed as a result of this offense.

AO 245S   Judgment in Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __9__

DEFENDANT: EMMETT ELLSWORTH MOORE, JR.
CASE NUMBER: 03CR1281-J

## RESTITUTION

The defendant shall pay restitution in the amount of ___$392,200.61___ unto the United States of America.

This sum shall be paid   ___ immediately.
                          _X_ as follows:

Restitution shall be paid through the Clerk, U.S. District Court, to the victims listed in the attached addendum, in the amounts specified in the addendum, payable forthwith or through the Inmate Financial Responsibility Program during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison. Distribution of restitution to the victims is to be on a pro rata basis.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

_X_ The interest requirement is waived.

___ The interest is modified as follows:

03CR1281-J

# In the Matter of Emmett Ellsworth MOORE, Jr.
## Docket No. 03-01281-001-J

The following is a list of victims in this case and the amount of restitution owed to each victim.

| VICTIM / ADDRESS | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Loren Anderson<br>6611 155th Avenue NW<br>Ramsey, MN 55303 | $3,988.18 |
| Pauline M. Black<br>16071 East Liverpool Road<br>East Liverpool, OH 43920 | 20,000.00 |
| Grover Branton, Jr.<br>6148 Whaleyville Blvd.<br>Suffolk, VA 23438 | 7,988.18 |
| Norman Carpenter<br>236 Anthony Wayne Drive<br>Wayne, PA 19087 | 3,988.18 |
| Doral/Donna Carr<br>928 N. Johnson Street<br>Enid, OK 73703 | 3,988.18 |
| Gary Chaffee<br>2124 Lakeshore Drive<br>Muskegon, MI 49441 | 7,988.18 |

**MOORE, Emmett Ellsworth, Jr.**  2

| | |
|---|---:|
| Lois Coleman<br>420 E. 2nd Street<br>Moscow Mills, MO  63362 | 6,460.00 |
| William G. Courtwright Estate<br>505 W. Washington, Apt. 1<br>Harvard, IL  60033 | 15,000.00 |
| Brian Engh<br>614 Walden Circle<br>Boulder, CO  80305 | 15,976.36 |
| Etoile Geddie<br>714 W. Arapaho Road 241<br>Richardson, TX 75081 | 3,988.18 |
| C. Dennis Goldman<br>P.O. Box 2928<br>Meridian, MS  39302 | 10,000.00 |
| James Gower<br>2313 Elaine Avenue<br>Norfolk, VA  23513 | 3,988.18 |
| Glenda Harris<br>42 Woodlawn Circle<br>Belleville, IL  62223 | 7,988.18 |
| Clarence Katwijk<br>19405 Clarence Lane<br>Mt. Vernon, WA  98273 | 7,988.18 |
| Anna Leung<br>Address Not Available | 7,500.00 |
| Thomas B. Maertens, Jr.<br>101 Catawbah Road<br>Clemson, SC  29631 | 9,988.18 |
| Paulette Matera<br>15510 W. Cypress Point Drive<br>Surprise, AZ  85374 | 19,970.45 |

| **MOORE, Emmett Ellsworth, Jr.** | **3** |
|---|---|
| Henry Matsui<br>P.O. Box 5893<br>Kent, WA 98064 | 7,988.18 |
| Donald Menning Estate<br>4413 Lorcardo Drive NE<br>Cedar Rapids, IA 52402 | 15,976.02 |
| Richard Muse<br>5107 Greenbrook Street<br>Oceanside, CA 92507 | 3,988.18 |
| Owen Niemi<br>Address Not Available | 3,988.18 |
| George Otis<br>6506 Walker Branch Drive<br>Laurel, MD 20707 | 93,846.00 |
| Bette L. Patterson<br>9120 Oak Hollow Drive<br>Midwest City, OK 73130 | 7,988.18 |
| William D. Phelan<br>125 Stanmore Place<br>Westfield, NJ 07090 | 32,500.00 |
| Duane Philbrook<br>239 Lincoln Avenue<br>Mt. Gilead, OH 43338 | 3,988.18 |
| Joseph Frank Rabe<br>7973 19th Avenue<br>Blairstown, IA 52209 | 17,988.18 |
| John Robinson<br>4821 Kempsville Greens Pkwy.<br>Virginia Beach, VA 23462 | 5,988.18 |
| RM Robinson<br>Address Not Available | 7,988.18 |

**MOORE, Emmett Ellsworth, Jr.**                                                                 4

| | |
|---|---:|
| Lawrence Rosselot<br>25 Royal Oaks Blvd.<br>Hickory Creek, TX  75065 | 7,988.18 |
| Arthur/Luise Schoen<br>354 Cobb Road<br>Water Mill, NY  11976 | 5,000.00 |
| Perry Stephens<br>1134 Old Coach Road<br>Stone Mountain, GA  30083 | 7,988.18 |
| Carol A. Vogel<br>6631 Brittwood Way<br>Tucker, GA  30084 | 7,208.18 |
| Linda Wardell<br>A2Z TAX<br>845 Stacey Place<br>Virginia Beach, VA  27932 | 5,000.00 |
| **Total Amount** | **$392,200.61** |