PROB 12C
(04/08)

May 15, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 MAY 29 AM 9:29

### Petition for Warrant or Summons for Offender Under Supervision

BY _____ KNH _____ DEPUTY

**Name of Offender:** Emmett MOORE (English)      **Dkt No.:** 03-CR-1281-001-J

**Reg. No.:** 85967-198

**Name of Sentencing Judicial Officer:** The Honorable Napoleon A. Jones, Jr., Senior U.S. District Judge

**Date of Sentence:** February 12, 2004

**Original Offense:** Count 1: 18 U.S.C. 371, Conspiracy to Commit Securities Fraud; Count 2: 15 U.S.C. 78j(b) and 78ff and 17 C.F.R. 240 10b-5, Securities Fraud and Aiding and Abetting; Counts 3&4: 18 U.S.C. 1341 and 2, Mail Fraud and Aiding and Abetting; Counts 5-7: 18 U.S.C. 1343, Wire Fraud Aiding and Abetting; Counts 8-13: 18 U.S.C. 1957 and 2, Engaging in Monetary Transactions Greater the $10,000 in Criminally Deprived Property and Aiding and Abetting, and Count 14: 26 U.S.C. 7203, Failure to File an Individual Income Tax Return.

**Sentence:** Counts 1-13: 33 months custody, concurrent with all counts, Count 14: 12 months custody concurrent with all counts; three years supervised release, concurrent as to each count on Counts 1-13 and one year concurrent with all counts as to Count 14. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** January 20, 2006

**Asst. U.S. Atty.:** Steven Peak      **Defense Counsel:** Frank J. Ragen (Retained)
                                                        (619) 231-4330

**Prior Violation History:** None.

---

## PETITIONING THE COURT

## TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                              **ALLEGATION(S) OF NONCOMPLIANCE**

Name of Offender: Emmett MOORE                                                          May 15, 2008
Docket No.: 03-CR-1281-001-J                                                                      Page 2

**(Mandatory Condition)**
Make restitution to the victim. *(nv4)*      1.    Mr. Moore has failed to make restitution payments, as directed.

***Grounds for Revocation:***  The undersigned has reviewed the U. S. Attorney's Financial Litigation Unit payment log. Mr. Moore failed to pay restitution in the months of February, March, April, June, September, October, November, December 2006; February and April 2007 and April 2008. His wages were garnished and his employer (his wife) was served this notice in June 2006. He and his wife failed to submit the amount determined by the U.S. Attorney's Office, consistently, and he is $850 delinquent since the garnishment commenced. Mr. Moore has advised the supervising U. S. Probation Officer that he does not pay the full amount ordered as he does not want the government to always win. He purposefully refrains from paying the full amount; as he states, " he wants to kick a field goal."

**(Standard Condition)**
Work regularly at a lawful occupation       2.    Mr. Moore has failed to maintain full-time,
unless excused by the probation officer for       verifiable employment, as directed.
schooling, training or other acceptable
reasons. *(nv10)*

***Grounds for Revocation:***  The undersigned has received and reviewed Mr. Moore's monthly report forms and letters from his employer noting his pay and hours. For the months of February and March, 2008, he reported an average of 12-14 hours of work per week. He has not been excused from maintaining full-time employment.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Moore has expressed his disdain for supervision on repeated occasions, apparently losing sight of the 34 victims affected in this case. By his desire to "beat" the government by not making his restitution payments, as directed, he is demonstrating a further lack of respect for his victims. He is argumentative, manipulative and sarcastic with his supervision officer. He has established a pattern of being confrontational and hostile, then later, he humbly pleads for consideration and mercy. To his credit, however; there have been no positive urinalysis results or indications of further criminal activity since supervision commenced.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Emmett Moore completed the 10th grade. He has a drug history with the most prevalent drug use consisting of methamphetamine and cocaine. He has participated in mental health counseling and psychotropic medication monitoring. At the time he committed the instant offense, he was on supervision for telemarketing fraud. When interviewed for the Presentence report, he stated he owned a home mortgage loan services company called Padre Commerce Mortgage. He further provided the date of his marriage to Katy Meyers. He now asserts that she is his girlfriend, not his wife and that she runs the business.

## SENTENCING OPTIONS
## CUSTODY

## AS TO ALL COUNTS

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 month(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to maintain full time employment, and failure to pay restitution, as directed. ) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unpaid portion of restitution shall be ordered to be paid, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not paid $299,541. of the court-ordered restitution.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) and USSG § 7B1.3(g)(2), p.s.

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### RECOMMENDATION/JUSTIFICATION

The undersigned respectfully recommends that supervision be modified to order Mr. Moore to maintain full-time, verifiable employment, in which his wages are taxed. Further, the undersigned requests that the Court set his restitution payment at 25% of his gross income. Mr. Moore may argue that this amount is burdensome on his family. However, he has reported zero income many months and $800 or less many others, so apparently his wife and son make due without a significant contribution on his part.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 15, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
Kathleen Schwarte
U.S. Probation Officer
(760) 806-9356

Reviewed and approved:

_____
Cynthia M. Poblete
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** MOORE, Emmett

2. **Docket No. (Year-Sequence-Defendant No.):** 03-CR-1281-001-J

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Failure to maintain employment | C |
   | Failure to pay resitution, as directed. | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                     [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))                           [ II ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                           [ 4 - 10 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution | $299,541 | Community Confinement | |
   | Fine | $ | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__[signed]__ THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON JUNE 9, 2008 at 8:15am TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE MODIFIED.

_____ Other _____

_____

_____

_[signature]_ for                                            5-23-08
The Honorable Napoleon A. Jones, Jr.                          Date
Senior U.S. District Judge